IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Daniela C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 22-cv-50287 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Leland Dudek ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Daniela C., seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

**BACKGROUND**

**A. Procedural History**

On January 28, 2020, Daniela C. ("Plaintiff") filed a Title II application for a period of disability and disability insurance benefits. She also filed a Title XVI application for supplemental security income. R. 13. The applications alleged a disability beginning on January 30, 2019. *Id*. The Social Security Administration denied her applications initially on October 9, 2020, and upon reconsideration on April 23, 2021. *Id*. Plaintiff filed a written request for a hearing and on November 18, 2021, a telephonic hearing was held by Administrative Law Judge ("ALJ") Lana Johnson where Plaintiff appeared and testified. *Id*. Plaintiff was represented by counsel. *Id.* Jacqueline Bethell, an impartial vocational expert ("VE"), also appeared and testified. *Id*.

On December 23, 2021, the ALJ issued her written opinion denying Plaintiff's claims for disability, disability insurance benefits, and supplemental security income. R. 13-30. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-5. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [9]. Now before the Court are Plaintiff's motion to reverse or remand the Commissioner's decision [20], the Commissioner's response brief [25], and Plaintiff's reply brief [28].

**B. The ALJ's Decision**

---

[1] Leland Dudek has been substituted for Martin O'Malley. Fed. R. Civ. P. 25(d).

1

In her ruling, the ALJ applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 30, 2019. R. 15-16. At step two, the ALJ found that Plaintiff had the following severe impairments: posttraumatic stress disorder ("PTSD"), depression, and bipolar disorder. R. 16. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 16-17.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: understand, remember and carryout simple routine 1-2 step tasks; able to tolerate occasional interaction with supervisors, coworkers and the general public; and able to adapt to changes and stressors associated with simple work. R. 18-28. At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a small parts assembler and store laborer. R. 28-29. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from January 30, 2019, through the date of decision, December 23, 2021. R. 30.

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted). *See also Warnell*, 97 F.4th at 1054.

The Court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The Court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The Court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

## DISCUSSION

Plaintiff argues that the ALJ inadequately explained why the medical opinion of Dr. David Biscardi was only "partially persuasive." R. 27. The Court concludes that the ALJ properly evaluated the medical opinion's consistency and that any error in failing to evaluate the medical opinion's supportability was harmless. The Court affirms the Commissioner's decision.

ALJs "need not 'defer or give any specific evidentiary weight' to any medical opinion." *Evonne R. v. Kijakazi*, No. 20CV7652, 2022 WL 874650, at *3 (N.D. Ill. March 24, 2022) (quoting 20 C.F.R. §§ 404.1520c(a), 416.920c(a)). Nevertheless, ALJs must consider all medical opinions and analyze them based on certain factors including supportability and consistency. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). In reviewing an ALJ's analysis of a medical opinion, "a 'logical bridge' remains the touchstone of judicial review." *Evonne R.*, 2022 WL 874650, at *5. An ALJ "must consider the regulatory factors and explain why a medical opinion is not supported or is not consistent with the record to give a reviewing court the bridge to connect the outcome to the record." *Id*. ALJs "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). However, they "may not analyze only the evidence supporting [their] ultimate conclusion while ignoring the evidence that undermines it." *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014). *See Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) ("[A]n ALJ doesn't need to address every piece of evidence, but he or she can't ignore a line of evidence supporting a finding of disability.").

On April 22, 2021, non-examining state agency psychologist David Biscardi completed a mental residual functional capacity assessment of Plaintiff. R. 121-125. He evaluated Plaintiff's limitations in areas including understanding, memory, concentration, social interaction, and adaptation. *Id*. Ultimately, he determined that despite her limitations, Plaintiff "retain[ed] the capacity to understand, remember, carry out and sustain performance of 1-2 step tasks, complete a normal workday, interact briefly/superficially with coworkers/supervisors and adapt to changes/stressors associated with simple competitive work activities." R. 125. The ALJ found this opinion only "partially persuasive" because Dr. Biscardi "did not opine on the claimant's ability to relate with the general public and the social restrictions he gave [were] inconsistent with the record and the claimant's statements noted in her function report." R. 27. To support this analysis, the ALJ cited Plaintiff's statements that she got along with others when she took her medication, that she always cooperated with authority figures, and that she had never been fired or laid off from a job because of problems getting along with others. R. 27, 296-297. The ALJ determined that Plaintiff could interact with coworkers and supervisors more than briefly and superficially and concluded that Plaintiff had the residual functional capacity to "tolerate occasional interaction with supervisors, coworkers, and the general public." R. 18.

Plaintiff argues that the ALJ's evaluation of the medical opinion was "incorrect and downright misleading." She claims that the ALJ impermissibly "cherry-picked" evidence, by ignoring evidence which was consistent with Dr. Biscardi's opinion, including statements from the function report, Plaintiff's oral testimony, Dr. Lana's medical opinion, and the medical record. *See Moore*, 743 F.3d at 1123. She also argues that the ALJ did not address the opinion's supportability.

The ALJ's comparison of Plaintiff's statements with Dr. Biscardi's opinion was not

3

incorrect or misleading. As the ALJ noted, Plaintiff reported in her function report that she always cooperated with authority figures and that she had never been fired or laid off from a job because of problems getting along with other people. R. 27, 297. The ALJ also accurately paraphrased Plaintiff's statement that she only had problems getting along with others if she did not take her medication. R. 296. The ALJ did not misstate any of Plaintiff's statements. This Court does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the [ALJ]." *Deborah M.*, 994 F.3d at 788 (internal quotations and citation omitted). Therefore, this Court cannot conclude that the ALJ erred in finding that these statements were inconsistent with Dr. Biscardi's opinion that Plaintiff could only tolerate brief and superficial interaction with coworkers and supervisors.

Additionally, the ALJ did not ignore statements from the function report which undermined this evaluation of Dr. Biscardi's opinion. Plaintiff argues that the ALJ should have addressed Plaintiff's statements that she "require[d] a lot of alone time" and that she had days when she was "not interested in social activities." R. 295-296. However, "[t]he omitted evidence that Plaintiff highlights . . . did not reveal any substantially different information about her . . . problems than did the evidence that the ALJ addressed." *Deborah M.*, 994 F.3d at 789. Although Plaintiff stated that she "require[d] a lot of alone time," she also reported that she spent time with others as necessary, including kids groups, and did not specify how much alone time she needed. R. 295. Additionally, although Plaintiff reported some disinterest in social activities, she made clear that this disinterest "really depend[ed] on the day." *Id*. These statements do not provide substantially different information about Plaintiff's social limitations than the statements which the ALJ cited in her analysis of Dr. Biscardi's opinion. Therefore, it was not improper for the ALJ "to omit a specific discussion of" these statements. *Deborah M.*, 994 F.3d at 789.

Plaintiff argues more broadly that the ALJ did not consider other evidence in the record that was consistent with Dr. Biscardi's opinion and, therefore, was consistent with a finding of disability. However, the ALJ conducted a thorough review of the medical record when determining Plaintiff's residual functional capacity and discussed much of the evidence which Plaintiff claims she ignored. For example, the ALJ mentioned Plaintiff's testimony that a job was not good for her because "she was around a lot of people," that she had bad social anxiety, and that "making friends is not easy for her." R. 18-20. The ALJ also considered the medical opinion of Dr. Lana, who did not opine on Plaintiff's social limitations beyond noting that Plaintiff "was cooperative." R. 28, 591. Furthermore, the ALJ discussed that Plaintiff "becomes emotional, easily overwhelmed and has issues with irritability," while noting that Plaintiff had made "significant improvements . . . with therapy and medication management." R. 26-27. The ALJ did not "ignore a line of evidence supporting a finding of disability." *Deborah M.*, 994 F.3d at 789. *See Denton v. Astrue*, 596 F.3d 419, 426 (7th Cir. 2010) ("The ALJ specifically addressed all the evidence that [Plaintiff] points out, though [s]he did not assign the significance to it that [Plaintiff] prefers.").

Although the ALJ did not mention all this evidence when evaluating Dr. Biscardi's opinion, ALJs are not required to discuss every line of evidence supporting a finding when evaluating every medical opinion. If an ALJ properly considered the statutory factors when weighing a medical opinion, a reviewing court "must allow that decision to stand so long as the administrative law judge minimally articulated [her] reasons." *Crowell v. Kijakazi*, 72 F.4th 810, 816 (7th Cir. 2023) (internal quotation marks and citation omitted). In this case, the ALJ minimally articulated her

4

reasons for finding Dr. Biscardi's opinion only partially persuasive, citing specific statements from Plaintiff's function report which the ALJ found inconsistent with Dr. Biscardi's opinion on Plaintiff's social limitations.

Plaintiff raises the argument that the ALJ erred because she did not address the supportability of Dr. Biscardi's opinion. Failing to address the supportability of a medical opinion is error. *Craig R. v. O'Malley*, No. 23 CV 50035, 2024 WL 1363664, at *3 (N.D. Ill. March 29, 2024). However, "[t]he Seventh Circuit has repeatedly held that administrative error like the one here is subject to harmless-error review and that remand is not required if the reviewing court 'can predict with great confidence that the result on remand would be the same.'" *Stevens v. Kijakazi*, No. 21 CV 270, 2022 WL 1000598, at *7 (E.D. Wisc. Apr. 4, 2022) (citing cases).

In assessing the supportability factor, medical opinions are considered more persuasive "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are" to support the opinion. 20 C.F.R. § 404.1520c. Plaintiff cites to treatment notes to argue that Dr. Biscardi's opinion was supported by objective medical evidence. However, the supportability factor requires the medical source to present the objective evidence and explain why it supports the opinion. *Id*. Plaintiff makes no argument that Dr. Biscardi himself presented objective medical evidence or explanations which supported his opinion as to Plaintiff's social limitations. R. 118-119. Dr. Biscardi never examined Plaintiff. When prompted to "[e]xplain in narrative form [Plaintiff's] social interaction capacities and/or limitations," he wrote "depression, anxiety, trauma, see PRTF summary." R. 124. This does not constitute a detailed explanation. Nor is it clear that the evidence he cited even supported his findings. The PRTF[2] summary includes Plaintiff's own statements that she "struggles communicating with people, as it causes a lot [of] anxiety." R. 119. However, Plaintiff's statements are "irrelevant to the supportability of [a medical source's] findings, as the supportability factor is limited to *objective* medical evidence." *Stevens*, 2022 WL 1000598, at *8. The relevant objective medical evidence in the PRTF summary included mental status examinations, the results of which indicated that while Plaintiff's mood/affect was sometimes up and down, Plaintiff was "well groomed," exhibited "pleasant/cooperative behavior," "followed instructions appropriately," and "easily gained rapport." R. 118-119. These objective findings do not support Dr. Biscardi's opinion that Plaintiff could only tolerate brief and superficial interaction with coworkers and supervisors. Therefore, this Court will not remand based on the ALJ's failure to address supportability as the Court can conclude with great confidence that the ALJ's conclusion would have been the same if she had analyzed the opinion's supportability. Any error in failing to address the supportability of Dr. Biscardi's opinion was harmless.

## CONCLUSION

The decision below is affirmed. Final judgment will be entered accordingly.

Date:   May 8, 2025            ENTER:

_____
United States Magistrate Judge

---

[2] Dr. Biscardi never explained the acronym "PRTF." The Court assumes that the acronym PRTF refers to the Psychiatric Review Technique Form (PRTF). R. 118-119. *See* SSA Program Operations Manual System, DI 24583.005 Evaluating Mental Impairments Using the Psychiatric Review Technique (PRT).

5